IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01394-PAB
(Criminal Case No. 14-cr-00160-PAB-2)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  KARLIEN RICHEL WINBERG,

    Defendant.

———————————————————————————————————————————

## ORDER DENYING § 2255 MOTION

———————————————————————————————————————————

Movant, Karlien Richel Winberg, has filed, *pro se*, a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Docket No. 222). The United States has responded to the § 2255 motion. Docket No. 225. Ms. Winberg filed a reply. Docket No. 226.

The Court construes Ms. Winberg's filings liberally because she is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court will not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the § 2255 motion will be denied.

## I. PROCEDURAL HISTORY

Ms. Winberg pled guilty to Counts 1 and 16 of the Superseding Indictment, charging two violations of 18 U.S.C. § 1349, conspiracy to commit wire fraud. Docket No. 107. The Court sentenced Ms. Winberg to a total of 87 months imprisonment.

Docket No. 146 at 2. Ms. Winberg filed a direct appeal, Docket No. 150, but the Court of Appeals for the Tenth Circuit enforced Ms. Winberg's waiver of her right to file such an appeal and therefore dismissed it. Docket No. 205.

Ms. Winberg's § 2255 motion claims that (1) she was selectively prosecuted; (2) her guilty plea was "coerced" by her attorney because her attorney did not spend sufficient time on her case and advise her about the statute she pled guilty to having violated; (3) her attorney failed to conduct a proper pre-trial investigation; (4) the government committed a *Brady* violation; (5) there was a *Crawford* confrontation violation; and (6) her criminal history category overrepresented her criminal history. Docket No. 222 at 4. She seeks to have her convictions vacated and be released from custody. *Id.* at 8.

## II. ANALYSIS

### A. Plea Agreement Waiver

Ms. Winberg's § 2255 motion is subject to dismissal based on the collateral-attack waiver in her plea agreement. The plea agreement states, in relevant part:

> The defendant also knowingly and voluntarily waives her right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. This waiver provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute; (2) there is a claim that the defendant was denied the effective assistance of counsel; or (3) there is a claim of prosecutorial misconduct. Additionally, if the government appeals the sentence imposed by the Court, the defendant is released from this waiver provision.

Docket No. 108 at 3.

A collateral-attack waiver in a plea agreement will be enforced if: (1) the collateral

attack falls within the scope of the waiver; (2) the defendant's waiver of her collateral rights was knowing and voluntary; and (3) enforcement of the waiver would not result in a miscarriage of justice. *See United States v. Viera,* 674 F.3d 1214, 1217 (10th Cir. 2012) (applying analysis in *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004), for determining whether a plea agreement waiver of appellate rights is enforceable); *see also United States v. Frazier-LeFear*, No. 16-6128, 665 F. App'x 727, 729 (10th Cir. Dec. 15, 2016) (unpublished) (same).

## B. Ineffective Assistance of Counsel Claims

The Court first considers Ms. Winberg's claims of ineffective assistance of counsel, which are an explicit exception to her appeal waiver. In her third claim, Ms. Winberg argues that her plea was based on "coercion," Docket No. 222 at 4-5, 15-16, 19, but provides no argument or evidence of any coercion by her attorney or anyone else. Instead, she argues that her attorney spent little time on the case and that not until Ms. Winberg read the statute in the prison law library did Ms. Winberg understand that her "plea agreement was wrong." *Id*. at 14. In her third claim, Ms. Winberg elaborates on her counsel's alleged ineffectiveness, claiming that her attorney was distracted by billing issues, did not read five boxes of evidence that petitioner gave her, did not conduct a suppression hearing, did not challenge various evidence, failed to inform her regarding the "stacking" of charges, and did not hire an investigator. *Id*. at 15-19. The defendant states that, as a result of this ineffective assistance of counsel, she did not understand the charges and there was a complete breakdown in communications. *Id*. at 14, 19.

Ms. Winberg's claims of ineffective assistance of counsel are contrary to what she

told the Court at her change of plea hearing. "[S]tatements on the record, 'as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.'" *Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1995) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Thus, a defendant's "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id*. Under oath, Ms. Winberg stated that she had a sufficient amount of time to review her plea agreement and to talk to her attorney about it. Docket No. 183 at 20. Although Ms. Winberg says she did not understand the charges, Docket No. 222 at 14, 17, the Court explained the charges to Ms. Winberg at the plea hearing, Docket No. 183 at 13-14, and, after reviewing all the material terms of the plea agreement with Ms. Winberg, the Court found that she understood her plea agreement. *Id.* at 23. When asked at the hearing if she had any complaints or criticisms of her attorney or concerning the plea agreement that her attorney negotiated on Ms. Winberg's behalf, Ms. Winberg said, "No." *Id*. at 21. When asked if she was satisfied with her attorney's representation, Ms. Winberg stated, "Yes." *Id.* at 20. If her counsel did not read five boxes of documents, was distracted by billing issues, failed to file a suppression motion or challenge evidence, and did not hire an investigator contrary to Ms. Winberg's wishes, there would have been no reason for Ms. Winberg to indicate that she was satisfied with her attorney. Similarly, although Ms. Winberg claims that her attorney did not spend sufficient time with her discussing the plea agreement, Docket No. 222 at 13, Ms. Winberg told the Court that she had a sufficient amount of time to review the plea agreement and talk to her attorney about it. Docket No. 183 at 20. Ms. Winberg

complains that her attorney failed to challenge the victim's exaggerated loss claim, Docket No. 222 at 16, but had no disagreement with the loss amount at the change of plea hearing. Docket No. 183 at 9-10, 14. Ms. Winberg asserts that her attorney never discussed a defense with her, Docket No. 222 at 19, but at the change of plea hearing the Court asked her whether she talked to her attorney about defenses to the charges and she answered "yes." Docket No. 183 at 20. Ms. Winberg's assertions under oath and in open court are entitled to a "strong presumption of verity" and should be credited over the post-hoc allegations in her motion. *Blackledge*, 431 U.S. at 74; *cf. United States v. Freixas*, 332 F.3d 1314, 1318-19 (11th Cir. 2003) (holding that, in denying motion to withdraw guilty plea, court could discredit allegations that were inconsistent with findings when plea was entered).

Even if the ineffective assistance of counsel claims of Ms. Winberg that she arguably may have discovered only after her change of plea are considered on the merits, they must be denied for lack of specificity. In order for a defendant to make an ineffective assistance claim, she must identify the specific "acts or omissions that are alleged not to have been the result of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Conclusory allegations about the failure of counsel are insufficient to sustain a § 2255 petition. *See, e.g., Cummings v. Sirmons*, 506 F.3d 1211, 1227 (10th Cir. 2007); *United States v. Moser*, 570 F. App'x 800, 802 (10th Cir. 2014) (unpublished). Ms. Winberg fails to identify what her counsel failed to discuss with her, Docket No. 222 at 13-15, 19, what matters counsel failed to research, and how documents in the five boxes would demonstrate her actual innocence. *Id.* at 15.

5

Ms. Winberg also fails to indicate how she was prejudiced.  Because Ms. Winberg decided to plead guilty, she must show that "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  This inquiry turns on: (1) whether going to trial would have been objectively rational under the circumstances; and (2) whether, in light of all the factual circumstances surrounding the plea, there is in fact a reasonable probability that Ms. Winberg would have rejected the proposed plea agreement and instead proceeded to trial.  *Heard v. Addison*, 28 F.3d 1170, 1184 (10th Cir. 2013).   For example, she states that her attorney failed to discuss any of the facts pertaining to the case, Docket No. 222 at 15, but fails to explain why the facts in her plea agreement were not sufficient to support her pleas of guilty and why other facts were inconsistent or could have changed the result.  Ms. Winberg claims that her attorney failed to explain her lack of experience with fraud cases, *id.* at 15-16, but does not indicate how more experienced counsel would have done things differently.  Ms. Winberg claims that counsel failed to review, investigate, and challenge witness statements, *id.* at 16-17; however, she does not explain why such review would have changed anything or caused her not to plead guilty in light of the facts she admitted to at the change of plea hearing.  Ms. Winberg claims that her attorney failed to hire an investigator, *id.* at 15, 17, but does not indicate what the investigator would have discovered or how an investigator's work product would have changed her decision to plead guilty.  *See Sirmons*, 506 F.3d at 1228.  Although Ms. Winberg makes a sweeping statement that her counsel's "errors where [sic] so serious that they would have produced an entirely differnt [sic] outcome at trial," Docket No. 222 at 18, Ms. Winberg nowhere supplies details as to why, in light of her attorney's

alleged deficiencies, she would have decided to go to trial instead of pleading guilty, especially given the stipulated facts in the plea agreement that Ms. Winberg told the Court were accurate.

Ms. Winberg claims that her counsel failed to conduct a suppression hearing, to impeach a certain witness, and to present evidence of prosecutorial misconduct. Docket No. 222 at 16. However, Ms. Winberg does not indicate whether such actions would have caused her to lose her plea bargain, what such actions would have accomplished or discovered, and how such actions would have caused her to decide not to plead guilty or to lead to a better result at trial.

Finally, Ms. Winberg claims that her attorney provided ineffective assistance of counsel in connection with the new charges in the superseding indictment. Docket No. 222 at 16-17. But Ms. Winberg does not explain why the charges in the superseding indictment were improperly brought in this case or how she could have prevented the United States from proceeding on those charges in this case, why the result would have been any different had they been filed in a separate case, or, importantly, why she indicated to the Court at her change of plea hearing that she understood the parties' estimate of her advisory guideline sentencing range. Docket No. 183 at 16.

### C. Selective Prosecution, Crawford, and Criminal History Claims

In her first claim, Ms. Winberg states that she was unconstitutionally subjected to selective prosecution because the presence of drought in Texas was an act of God that undermined the claim that she and her husband intended to defraud anyone. Docket No. 222 at 4, 9-12. She then argues that they were the only persons prosecuted for failures to repay despite this act of God. *Id.* at 10-11. In her fifth claim, Ms. Winberg

states that her confrontation rights under *Crawford v. Washington*, 541 U.S. 36 (2004), were violated because the "true guilty party" was a person named David Faucette. *Id*. at 24. In her sixth claim, Ms. Winberg claims that Criminal History Category II significantly over-represented her criminal history for purposes of sentencing. Docket No. 222 at 25. Ms. Winberg is correct that the Court determined, consistent with her plea agreement, Docket No. 108 at 16, that her Criminal History Category was II. Docket No. 146 at 7.

The Court finds that each of the three *Viera* factors is satisfied and, as a result, the appeal waiver bars these claims. 674 F.3d at 1217. First, these claims fall within the scope of the waiver, which includes a waiver of the "right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack including but not limited to a motion brought under 28 U.S.C. § 2255." None of the exceptions to the waiver clause apply to these claims. Second, Ms. Winberg's plea was knowing and voluntary. At the change of plea hearing, after asking questions of Ms. Winberg about her plea agreement and her intention to plead guilty to Counts 1 and 16 of the superseding indictment, the Court concluded that she entered the plea agreement "voluntarily, knowingly, and intelligently." Docket No. 183 at 23. The Court, in fact, read the language of Ms. Winberg's appellate waivers to her and asked her whether she believed that she understood them. *Id*. at 11-13. Ms. Winberg indicated that she had a chance to review the waivers with her attorney and believed that she understood them. *Id.* In her statement in advance of guilty plea, Ms. Winberg acknowledged that she waived the right to bring a § 2255 motion, that she had discussed the terms of her plea agreement with her attorney, and that she was satisfied with counsel's representation. Docket No. 109 at 5-7.

8

Because Ms. Winberg's § 2255 motion falls within the scope of the collateral-attack waiver in her plea agreement and she has not made a colorable argument that her waiver was not knowing and voluntary, she must demonstrate that enforcement of the waiver would result in a miscarriage of justice. A miscarriage of justice occurs "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327. *See also United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011) (explaining that four exceptions listed in *Hahn* are exclusive means to establish miscarriage of justice).

The Court finds that none of the *Hahn* factors applies. The Court did not rely on an impermissible factor, Ms. Winberg does not claim that there was any ineffective assistance of counsel in regard to her appeal waiver, the sentence did not exceed the twenty year maximum, and there is no evidence that the waiver was otherwise unlawful. *See also* Docket No. 205. Consequently, the waiver is valid and precludes the relief requested in the first, fifth, and sixth claims in her § 2255 motion.

### D. Brady Violation Claim

In her fourth claim, Ms. Winberg argues that the government did not reveal to her a variety of information about this case. Docket No. 222 at 6, 20-22. This claim is not necessarily subject to Ms. Winberg's appeal waiver. *See United States v. Wright*, 43 F.3d 491, 496 (10th Cir. 1994). However, the government is not required to produce material impeachment evidence to a defendant before she pleads guilty. *United States v. Ellsbury*, 528 F. App'x 856, 859 (10th Cir. 2013) (unpublished). Here, much of the

evidence that Ms. Winberg claims was not produced relates to impeachment evidence regarding Mr. Faucette and, as a result, does not support her claim. Moreover, as to non-impeachment evidence, a § 2255 petition must show that "but for the failure to produce such information [she] would not have entered the plea but instead would have insisted on going to trial.'" *United States v. Walters*, 269 F.3d 1207, 1214 (10th Cir. 2001) (quoting *United States v. Avellino*, 136 F.3d 249, 256 (2d Cir. 1998)). Ms. Winberg, however, does not make any attempt to explain why, had the allegedly withheld information been produced to her before her guilty plea, she would have rejected the government's plea offer and insisted on going to trial. In fact, Ms. Winberg does not claim that the information that she complains about was not produced to her before her guilty plea or how or when she learned about such information. As a result, Ms. Winberg's fourth claim must be denied as unsupported.

The Court concludes that each of Ms. Winberg's claims in her § 2255 petition must be dismissed.

### E. Motion to Amend

Ms. Winberg has filed a Motion to Amend or Add and [sic] Addendum to a Previously Sumbitted[sic]/Pending 2255 Motion [Docket No. 227]. The Court first addresses the timeliness of the arguments in her motion. The Court entered judgment on August 18, 2015, Docket No. 146, and the Tenth Circuit dismissed Ms. Winberg's appeal on July 18, 2016. Docket No. 205. Ms. Winberg's conviction became final on October 16, 2016, when her deadline for filing a petition for certiorari expired. *See United States v. Burch*, 202 F.3d 1274, 1276 (10th Cir. 2006). Her motion to amend was filed on September 5, 2017, and therefore is timely.

Ms. Winberg makes five claims in her motion to amend. First, she argues that her guilty plea had various defects. Docket No. 227 at 1-3. Second, she claims that she received two criminal history points for a case that was actually dismissed. *Id*. at 3-4. Third, she argues that appellate counsel was ineffective by failing to argue that her sentence was procedurally unreasonable in light of the factors under 18 U.S.C. § 3553. *Id.* at 4-5. Fourth, she asserts that she was denied her right to counsel on appeal and enforcing the appeal waiver resulted in a miscarriage of justice. *Id*. at 5. Fifth, she says that she is actually innocent and, had her attorney explained to her the element of intent, there would have been no guilty plea. *Id.* at 5-6.

In her first claim, regarding her guilty plea, Ms. Winberg states that she did not admit the necessary mens rea regarding the counts to which she pled guilty, she did not discuss with the Court her conduct in her own words, and the Court failed to discuss the nature, circumstances, or elements of the charges with her. *Id*. at 1. She also claims that her placement of an advertisement was not done with intent to defraud. The Court finds that each of the three *Viera* factors is satisfied for her first claim for the same reasons discussed earlier in regard to the first, fifth, and sixth claims in her § 2255 motion. As a result, these arguments are barred by her collateral-attack waiver. She also argues that she did not review all of her plea agreement, she did not knowingly enter her plea agreement, and that her attorney was ineffective. *Id*. at 1-2. As to whether Ms. Winberg reviewed her entire plea agreement, the transcript of the change of plea hearing indicates that she did. For example, her attorney indicated that she discussed the interlineation regarding interdependence in conspiracy cases with Ms. Winberg, Docket No. 183 at 3, Ms. Winberg told the Court that she read her plea

agreement and talked to her attorney about it and the interlineation, *id.* at 6, and the Court found that she was familiar with each and every term of her plea agreement. *Id.* at 23. As noted above, the Court, after asking questions of Ms. Winberg, found that she voluntarily, knowingly, and intelligently entered pleas of guilty to Counts 1 and 16 of the superseding indictment. *Id.* Ms. Winberg's arguments concerning the ineffectiveness of her counsel are not new and have already been discussed earlier in regard to her § 2255 motion. As a result, the Court finds that Ms. Winberg's claims regarding her guilty plea must be denied.

In the second claim in her motion to amend, Ms. Winberg argues that the two criminal history points that she was assessed in the presentence investigation report ("PSIR") should not have been assessed because "her case was dismissed." Docket No. 227 at 3. The Court finds that each of the three *Viera* factors is satisfied as to this claim for the same reasons discussed earlier in regard to the first, fifth, and sixth claims in her § 2255 motion. As a result, the argument that her criminal history score is incorrect is barred by her collateral-attack waiver. She also claims that she brought the criminal history point issue to the attention of her attorney, but she convinced her not to object to the PSIR on that ground. *Id.* Because ineffective assistance of counsel is an exception to her collateral-attack waiver, the Court will consider the merits of her argument. The PSIR indicates that Ms. Winberg was convicted of providing false information in Bonneville County, Idaho in August 2010. Docket No. 121 at 13. A charge of filing a false affidavit of theft was dismissed in connection with her guilty plea. *Id.* The PSIR indicates that Ms. Winberg was found guilty of false information, was sentenced to one year of probation, completed her community service hours in

12

September 2010, and completed probation in August 2011. These docket entries are inconsistent with Ms. Winberg's claim that the case was dismissed. Because Ms. Winberg provides no credible evidence to support her assertion that "her case was dismissed," Docket No. 227 at 3, the Court rejects her claim of ineffective assistance of counsel in regard to that conviction. Ms. Winberg has not established any reason for her trial (or appellate) counsel to have challenged the inaccuracy of the PSIR. The Court finds that her second claim lacks merit.

In her third claim, Ms. Winberg asserts that her appellate counsel was ineffective in failing to argue that her sentence was procedurally unreasonable. *Id*. at 4. Specifically, Ms. Winberg states that the Court treated the guidelines as mandatory at sentencing and failed to appreciate its discretion by varying from the guideline range. *Id.* She says that effective counsel would have brought this to the attention of the Tenth Circuit as well as the argument that Ms. Winberg qualified for a "safety valve." *Id.* at 4-5. In her fourth claim, Ms. Winberg argues that she was denied her right to counsel on appeal because her counsel filed an *Anders* brief without consulting her. *Id*. at 5. Given that the Tenth Circuit enforced the appellate waiver against Ms. Winberg and dismissed her direct appeal, Docket No. 205, the Court finds that Ms. Winberg has failed to demonstrate how appellate counsel was ineffective in filing an *Anders* brief or how Ms. Winberg was prejudiced in light of the enforceability of her appellate waiver. *See United States v. Richardson*, 2018WL1168574, at *3 (D. Kan. Mar. 6, 2018). As a result, the Court finds no basis to grant Ms. Winberg's third and fourth claims in her motion to amend.

In her fifth claim, Ms. Winberg argues that she is actually innocent and that, had her attorney reviewed the evidence and explained the elements of intent to her, she would not have pled guilty. Docket No. 227 at 5-6. This claim is conclusory. As noted earlier, she does not explain what evidence her counsel failed to review or how her attorney reviewing such evidence would have changed Ms. Winberg's decision to plead guilty. In her Statement by Defendant, Ms. Winberg acknowledged that she made the decision to plead guilty "after full and careful thought, with the advice of my attorney, and with full understanding of my rights, the facts and circumstances of the case, and the potential consequences of my plea(s) of guilty." Docket No. 109 at 7. At the change of plea hearing, Ms. Winberg stated that she understood the elements of the charges that she intended to plead guilty to. Docket No. 183 at 13-14. Her plea agreement contains the following language:

> Defendant Karlien Richel Winberg also understands that in order to prove that she intended the object of her conspiracy, namely to commit wire fraud, the government must prove, beyond a reasonable doubt, that: (1) defendant devised or intended to devise a scheme to defraud and to obtain money or property by means of false or fraudulent pretenses, representations or promises; (2) defendant Karlien Richel Winberg acted with specific intent to defraud and to obtain money or property by means of false or fraudulent pretenses, representations or promises; (3) defendant Karlien Richel Winberg used or caused another person to use interstate wire communications facilities for the purpose of carrying out the scheme; and (4) the scheme employed false or fraudulent pretenses, representations, or promises that were material.

The Court finds that the plea agreement contained an accurate definition of intent in the elements section of her plea agreement. Construing her "actual innocence" claim as being grounded in an ineffective assistance of counsel argument, the Court finds that her claim lacks specificity, especially given that Ms. Winberg stated that she did review

the elements of the charges and understood them. As a result, the Court rejects this claim.

The Court has also reviewed the Memorandum of Law in Support of Motion to Vacate, Set Aside, or Correct Sentance [sic] Pursuant 28 U.S.C.A. § 2255 [Docket No. 229]. This filing consists of arguments that repeat ones already made in the § 2255 motion or new arguments that are inappropriate for a reply brief and will therefore not be considered.

Under Rule 11(a) of the Section 2255 Rules, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In the present case, the Court concludes that movant has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will deny a certificate of appealability.

## III. ORDERS

For the reasons discussed above, it is

**ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 222], filed by Karlien Richel Winberg, is DENIED. It is further

**ORDERED** that the Motion to Amend or Add and [sic] Addendum to a Previously Sumbitted[sic]/Pending 2255 Motion [Docket No. 227] is granted to the extent that the Court permits the amendments, but the claims in the motion to amend are denied.  It is further

**ORDERED** that, under 28 U.S.C. § 2253(c)(2) and the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is DENIED.

DATED December 31, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge